UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br>  Plaintiff,<br><br>   v.<br><br>ARS HOSPITALITY, INC. dba<br>HAMPTION INN SUITES CAL EXPO,<br><br>  Defendant. | No. 2:20-cv-02390-TLN-JDP<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant ARS Hospitality, Inc., dba Hampton Suites Cal Expo's ("Defendant") motion to dismiss Gerardo Hernandez's ("Plaintiff") complaint. (ECF No. 5.) Plaintiff filed an opposition. (ECF No. 8.) Defendant filed a reply. (ECF No. 10.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff alleges he is "'physically disabled.'" (ECF No. 1 at 2.) He states he is "substantially limited in his ability to walk" and "must use a wheelchair for mobility." (*Id.*) Plaintiff alleges Defendant owns and operates the Hampton Inn Suites Cal Expo ("Hotel"). (*Id.*) Plaintiff alleges he visited the Hotel on July 4, 2020, for the purpose of resting for the night. (*Id.*) Plaintiff alleges the Hotel's "check-in counter was too high, which made it hard for Plaintiff to use." (*Id.* at 3.) Plaintiff further alleges he specifically requested an accessible guestroom, but the room he received was not an accessible room. (*Id.*)

Plaintiff claims he experienced several barriers upon entering his hotel room. (*Id.*) He states that the bathroom's interior was not accessible, and the shower did not have a removable handheld showerhead. (*Id.*) Additionally, Plaintiff alleges there were no grab bars at the toilet in the room, and the toilet was too short. (*Id.*)

Plaintiff alleges that he regularly travels to the area where the Hotel is located. (*Id.* at 2). However, Plaintiff states he is deterred from staying at the Hotel due to the barriers he experienced. (*Id.* at 3). He alleges he will return to the facility once the barriers are removed. (*Id.*)

On December 1, 2020, Plaintiff filed a complaint alleging Defendant violated Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Act ("Unruh Act"), and California Health and Safety Codes § 1955 and § 1959. *See* 42 U.S.C. §§ 12182-12189; Cal. Civ. Code §§ 51-52; (ECF No. 1.) On April 15, 2021, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) for lack of subject matter jurisdiction or in the alternative failure to state a claim upon which relief can be granted. (ECF No. 5-1.) Plaintiff subsequently filed an Opposition to Defendant's Motion to Dismiss on April 29, 2021. (ECF No. 8.) Defendant filed a Reply in Support of Motion to Dismiss on April 24, 2021. (ECF No. 10.)

///

---

[1]     The following of recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1.)

2

**II. STANDARD OF LAW**

    A. <u>Motion to Dismiss Pursuant to Rule 12(b)(1)</u>

A motion under Rule 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. (12)(b)(1); *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). The challenge can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]'" *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). If a court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

    B. <u>Motion to Dismiss Pursuant to 12(b)(6)</u>

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

"This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a

4

1  context-specific task that requires the reviewing court to draw on its judicial experience and
2  common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . .
3  across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680
4  (internal quotations omitted).

5       In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
6  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
7  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
8  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
9  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
10 allegations that contradict matters properly subject to judicial notice).

11      If a complaint fails to state a plausible claim, "'a district court should grant leave to amend
12 even if no request to amend the pleading was made, unless it determines that the pleading could
13 not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
14 Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also*
15 *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying
16 leave to amend when amendment would be futile).  Although a district court should freely give
17 leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such
18 leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"
19 *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
20 *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

21     **III.**    **ANALYSIS**

22      Plaintiff seeks injunctive relief and statutory damages against Defendant for
23 discrimination on the basis of his disability in the full and equal enjoyment of the Defendant's
24 hotel.  (ECF No. 1 at 8.)  Defendant filed a motion to dismiss under Rule 12(b)(1) and Rule
25 12(b)(6).  (ECF No. 5 at 2.)  Additionally, Defendant requests the Court not take supplemental
26 jurisdiction over Plaintiff's Unruh Act claim.  (ECF No. 5-1 at 19.)  Accordingly, the Court will
27 address each motion separately.
28 ///

A. 12(b)(1) Motion

Defendant moves to dismiss Plaintiff's claim under Title III of the ADA, arguing the Court does not have subject matter jurisdiction over this matter because Plaintiff does not have standing. (ECF No. 5-1 at 9.) Defendant further contends that the Court does not have subject matter jurisdiction over the matter because Plaintiff's claim is moot. (ECF No. 5-1 at 18-19.)

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must demonstrate that (1) he suffered an injury in fact, (2) the injury is traceable to the defendant's conduct, and (3) that the injury can be redressed by a favorable decision. *Chapman*, 631 F.3d at 946. However, once a disabled individual encounters a barrier that deters his patronage of or otherwise interferes with his access to a place of public accommodation, "he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III." *Id.* at 947 (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008)). Since the ADA only provides a plaintiff with injunctive relief as a remedy for noncompliance, the plaintiff must further demonstrate there is a "'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). A plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility. *Chapman*, 631 F.3d at 944.

*i. Injury in fact*

At issue is whether Plaintiff suffered an injury in fact. Defendant argues Plaintiff does not meet the injury-in-fact element for standing to bring an ADA claim because Plaintiff did not suffer an actual injury. (ECF No. 5-1 at 9-10.) Defendant contends it is implausible Plaintiff suffered an actual injury because the Hotel is ADA compliant and had accessible rooms available the night Hernandez stayed at the Hotel. (*Id.*) Additionally, Defendant argues that no injury is

traceable to its conduct. *Id*. Defendant states that even if Plaintiff was placed in a non-ADA-accessible room on accident, he could have been moved to an accessible room if he asked. (ECF No. 10 at 4.)[2] Plaintiff argues that during his visit to the hotel, he encountered barriers which interfered with his "ability to use and enjoy the goods, services, privileges, and accommodations offered" at the Hotel. (ECF No. 1 at 2.)

To allege an injury-in-fact, a plaintiff must demonstrate he encountered a barrier related to his disability that affected him and that it interfered with his "full and equal enjoyment" of the facility. *Chapman*, 631 F.3d at 947−48. Once a plaintiff encounters such a barrier, "he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III." *Id* at 946.

Here, Plaintiff alleges he encountered three barriers that affected him and interfered with his use and enjoyment of the hotel: (1) the check-in counter was too high which made it hard for him to use; (2) the shower in his room did not have a detachable shower head; and (3) the toilet was too low and lacked grab bars. (ECF No. 1 at 3.) Other district courts within the Ninth Circuit recognized similar barriers as sufficient to meet the injury-in-fact element for Article III standing under the ADA. *See Barajas v. Ashford TRS Walnut Creek LLC*, No. 20-cv-01676-CRB, 2021 WL 2711734, at *4 (N.D. Cal. July 1, 2021) (reasoning that lack of grab bars in a bathroom and unavailable counter space were sufficiently connected to plaintiff's disability of being wheelchair bound). Here, Plaintiff has sufficiently connected the barrier of the Hotel's check-in counter height with his disability of being in a wheelchair, making the check-in counter difficult for Plaintiff to use. Like the plaintiff in *Barajas*, Plaintiff has sufficiently demonstrated he encountered ADA violations at the Hotel related to his disability, thus he has met the injury-in-fact element.

///

---

[2] Defendant offers a declaration and photos of the Hotel in support of its argument. However, the Court declines to consider these documents at the motion to dismiss stage. *Monzon v. S. Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 941 (N.D. Cal. 2011) (holding that the court could not consider new facts and documents the defendant introduced in its reply that were not referenced by or incorporated into the complaint).

*ii. Intent to return/Deterrence*

Defendant contends Plaintiff has not sufficiently alleged his intent to return to the Hotel. (ECF No. 5-1 at 11.) Additionally, Defendant argues that Plaintiff has not alleged facts to show he is deterred from returning to the Hotel. (*Id* at 15.) Defendant points to a four-part test laid out in *Strojnik v. Four Sisters Inns, Inc.*, to argue Plaintiff failed to allege a likelihood of returning to a facility and thus cannot establish standing. (ECF No. 5-1 at 12); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 WL 6700939, at *4 (C.D. Cal. Dec. 9, 2019) (assessing "(1) the proximity of [defendant's business] to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant") (internal quotations omitted).

Regarding the *Strojnik* test, in *Brooke v. Suites LP*, the court held that similar four-part tests to gauge a plaintiff's intent to return to a business "are not definitive." *Brooke v. Suites LP*, No. 3:20-cv-01217-H-AHG, 2020 WL 6149963, at *4 (S.D. Cal. Oct. 19, 2020) (internal quotations omitted). A plaintiff's intent to return to a facility "may be demonstrated 'in any number of ways.'" *Id.* at *5 (quoting *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1115 (C.D. Cal. 2005)). "A plaintiff's nonspecific allegations of intent to visit a facility, deterrence by the facility's non-compliance, and desire to visit when the non-compliance is cured is sufficient to establish standing." *Hernandez v. Welcome Sacramento, LLC*, No. 2:20-cv-2061-KJM-JDP, 2021 WL 4318256, at *3 (E.D. Cal. Sept. 23, 2021).

Here, Plaintiff alleges he regularly travels to the area where the Hotel is located. (ECF No. 1 at 2.) Additionally, Plaintiff states he is deterred from staying at the Hotel due to the barriers he experienced, but he will return to the facility once the barriers are removed. (*Id* at 3.) "[A] plaintiff's vague allegations that they intended to visit a facility, are deterred by the facility's non-compliance, and would visit when non-compliance is cured are sufficient to establish standing" at the pleadings stage of a case. *Barajas*, 2021 WL 2711734 at *3; *see also Brooke*, 2020 WL 6149963 at *4. Accordingly, Plaintiff's statements that he intends to stay at the Hotel once it removes its barriers are sufficient to meet the threshold to establish standing. Moreover, because Plaintiff alleged he regularly visits the area the Hotel is located, and that he would return

to the Hotel once its barriers are removed, he has adequately pleaded his intent to return to the Hotel. Therefore, the Court finds Plaintiff has sufficiently alleged standing to bring his ADA claim.

    *iii. Mootness*

Defendant contends the Court does not have subject matter jurisdiction over Plaintiff's claims because the claim is moot. (ECF No. 5-1 at 18-19.) Defendant states Plaintiff's claims "(1) that the hotel check-in counter was 'too high' and (2) that he asked for but was not given an ADA accessible room" are moot because the Hotel's check-in counter is fully ADA compliant, and the Hotel has ADA accessible rooms.[3] (*Id*.) In *Barajas*, the court reasoned that the defendant made a factual attack on the plaintiff's subject matter jurisdiction because the defendant disputed plaintiff's allegations about the hotel in question being ADA compliant. 2021 WL 2711734, at *4. The defendant alleged that since its hotel had ADA compliant rooms the plaintiff had no standing to bring a claim. *Id*. Similarly here, Defendant's contention is a factual attack on subject matter jurisdiction.

In a motion to dismiss "'a [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action.'" *Hopson v. Plaza*, No. 2:14-cv-02988-TLN-KJN, 2016 WL 1599477, at *2 (E.D. Cal. Apr. 21, 2016) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "In such a case, the district court assumes the truth of allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Here, the jurisdictional issue and the substantive issue are intertwined because the

---

[3] Defendant requests that the Court take Judicial Notice of photographs of the hotel website and references a declaration from its Hotel manager that was not attached to its motion to dismiss. (ECF No. 5-2 at 2.) However, the Court declines to consider these documents at this time. *Johnson v. Garden Ct. Inn LLC*, No. 21-cv-01546-HSG, 2021 WL 3209721, at *2 (N.D. Cal. Jul. 29, 2021) (reasoning a general manager's declaration and defendant's photos regarding its hotel's ADA compliance are self-serving and not offered by experts).

question of the Court's subject matter jurisdiction is dependent on the fact of whether the Hotel's check-in counter is ADA compliant. Accordingly, the Court cannot resolve the disputed facts the Defendant raised at the pleading stage.

Therefore, the Court DENIES Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

B. 12(b)(6) Motion

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 5 at 2.)

Title III of the ADA protects individuals from discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For a Title III claim to survive a motion to dismiss, a plaintiff must show that: "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff has pleaded a *prima facie* case. Defendant does not dispute Plaintiff's allegations that pursuant to "all applicable California and United States laws" he is physically disabled and "must use a wheelchair for mobility." (ECF No. 1 at 2.) Nor does Defendant dispute Plaintiff's allegation Defendant owns, operates, and/or leases the Hotel and that the Hotel is "a public accommodation as defined by applicable state and federal laws." (*Id.*) At issue is whether Plaintiff was denied public accommodation because of his disability.

Plaintiff alleges he encountered barriers related to his disability that "interfered with, if not outright denied" his ability to use the Hotel's accommodations. (*Id.*) Specifically, the Hotel's "check in counter was too high, which made it hard for Plaintiff to use." (*Id.* at 3.) Defendant disputes these allegations arguing the Hotel's check in counter is fully ADA compliant. (ECF No. 5-1 at 18.) However, these disputes are factual, and, in a Rule 12(b)(6) motion, the Court must accept a plaintiff's factual allegations in the complaint as true. *Cruz*, 405 U.S. at 322

10

(holding factual allegations of a complaint must be accepted as true).  Defendant's arguments are "better suited for resolution when the record is more developed." *Brooke*, 2020 WL 6149963, at *7 (holding that defendant's contention whether plaintiff was genuinely precluded from entering lobby was factual, and the court must construe factual inferences from the complaint in plaintiff's favor). Thus, Plaintiff has alleged sufficient facts to support a Title III claim.

Therefore, the Court DENIES Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

### C. Supplemental Jurisdiction

Plaintiff's remaining claims includes alleged violations of California Health and Safety Code § 1955 and § 1959, and a claim of statutory damages under the Unruh Act.  (ECF No. 1 at 6-8.)  Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims.  (ECF No. 5-1 at 19.)  Defendant argues Plaintiff is a serial litigant and that declining to exercise supplemental jurisdiction over Plaintiff's state law claims under these circumstances "supports the values of judicial economy, convenience, fairness, and comity."  (ECF No. 5-1 at 19).

The Court disagrees as it has "supplemental jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (quoting 28 U.S.C. § 1367(a)).

Here, the ADA claims and the state law claims "share a common nucleus of operative fact and are part of the same case or controversy." *Id.*  This is because "[o]ther than the availability of statutory damages under state law, the state and federal claims are identical." *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1194 (E.D. Cal. 2015).  The burdens of proof and standards of liability are the same for ADA claims and Unruh Act claims, and the Unruh Act "specifically provides that a violation under the ADA also constitutes a violation of the Unruh Act." *Id.* (citing Cal. Civ. Code § 51(f)).  Thus, the Court finds that the "state and federal claims are so intertwined" that it would "best advance economy, convenience, fairness, and comity" to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Id*.  Therefore, the Court

DENIES Defendant's motion on this basis.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (ECF No. 5). Defendant is ordered to file an answer not later than twenty-one (21) days after the electronic filing date of this Order.

IT IS SO ORDERED.

DATE:  February 18, 2022

_____
Troy L. Nunley
United States District Judge